# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Francis Conley,

      Plaintiff,

vs.

First Unum Life Insurance Company

      Defendant.

Case No. 0:18-cv-475

**COMPLAINT**

---

Plaintiff, for his Complaint against Defendant, states and alleges:

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because First Unum Life Insurance Company may be found in this district. In particular, First Unum Life Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing business with Minnesota

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Pearson, Inc. created and maintains an employee benefit plan ("Plan") to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant First Unum Life Insurance Company is a corporation organized and existing under the laws of the State of New York, and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Pearson, Inc. and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number 457913 001 which was issued by First Unum Life Insurance Company to Pearson, Inc. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, First Unum Life Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, First Unum Life Insurance Company has a conflict of

interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9.  First Unum Life Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10.     The Plan is an ERISA welfare benefit plan.

11.     Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12.     Under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

13.     Plaintiff became disabled under the terms of the Plan's policy on or about August 1, 2015 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

14.     Plaintiff submitted a timely claim to First Unum Life Insurance Company for disability benefits.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

15.     First Unum Life Insurance Company granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until April 27, 2017. However, on April 26, 2017 First Unum Life Insurance Company cancelled Plaintiff's disability benefits. Plaintiff appealed First Unum Life Insurance Company's decision, but First Unum Life Insurance Company denied Plaintiff's appeal on January 12, 2018.

16.     Plaintiff provided First Unum Life Insurance Company with substantial medical evidence demonstrating he was eligible for disability benefits.

17.     The medical evidence Plaintiff provided included a functional capacity evaluation (FCE).

18.     The FCE concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

19.     First Unum Life Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

      a. First Unum Life Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a

medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

b.  First Unum Life Insurance Company relied on the opinion of a medical professional who was financially biased by his/her relationship with First Unum Life Insurance Company and as such unable to offer an unbiased opinion;

c.  First Unum Life Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d.  First Unum Life Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

e.  First Unum Life Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f.  First Unum Life Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

20.    First Unum Life Insurance Company abused its discretion in denying Plaintiff's claim.

21.     The decision to deny benefits was wrong under the terms of the

Plan.

22.     The decision to deny benefits was not supported by substantial

evidence in the record.

23.     First Unum Life Insurance Company's failure to provide benefits

due under the Plan constitutes a breach of the Plan.

24.     First Unum Life Insurance Company's failure to provide Plaintiff

with disability benefits has caused Plaintiff to be deprived of those benefits

from April 27, 2017 to the present. Plaintiff will continue to be deprived of

those benefits, and accordingly will continue to suffer future damages in an

amount to be determined.

25.     First Unum Life Insurance Company's denial of benefits under the

Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action.

Pursuant to 29 U.S.C. § 1132(g)(1), Defendant should pay these costs and fees.

26.     A dispute now exists between the parties over whether Plaintiff

meets the definition of "disabled" under the terms of the Plan. Plaintiff requests

that the Court declare he fulfills the Plan's definition of "disabled," and is

accordingly entitled to all benefits available under the Plan. Plaintiff further

requests reimbursement of all expenses and premiums he paid for benefits

under the Plan from the time of termination of benefits to the present. In the

alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct First Unum Life Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8.  Any other legal or equitable relief the Court deems appropriate.

Dated: 02/19/2018                   RESPECTFULLY SUBMITTED,

                                    By: /s/ Kristen Gyolai

                                    Kristen Gyolai (MN Bar # 0395392)
                                    Stephen Fields (MN Bar # 0276571)
                                    **FIELDS LAW FIRM**
                                    701 Washington Avenue North, Suite 300
                                    Minneapolis, MN 55401
                                    Office: 612-370-1511
                                    Kristen@Fieldslaw.com
                                    Steve@Fieldslaw.com

                                    *Attorneys for Plaintiffs*